**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IBRAHIM MIKHAEL NABIL-SOBHI, | No. 05-74318 |
| Petitioner, | Agency No. A079-782-822 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 4, 2009
Pasadena, California

Before: SCHROEDER, BERZON and IKUTA, Circuit Judges.

Ibrahim Mikhael Nabil-Sobhi ("Nabil-Sobhi"), a native of Egypt and citizen

of Lebanon, seeks review of the denial of his petition for asylum. The immigration

judge ("IJ") found that Nabil-Sobhi's testimony and evidence would be sufficient,

if credited, to establish eligibility for asylum. He did not, however, find Nabil-

Sobhi credible. The Board of Immigration Appeals ("BIA") affirmed without

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

opinion. Because the IJ failed to give a cogent reason supported by substantial evidence and going to the heart of Nabil-Sobhi's claim for asylum, we reverse the adverse credibility determination and remand for further proceedings. *See Singh v. Gonzales,* 439 F.3d 1100, 1105 (9th Cir. 2006).

Nabil-Sobhi testified to experiences of persecution at the hands of both the Egyptian and Syrian authorities on account of his religion, Coptic Orthodox Christianity, and his political affiliation with a Christian militia in Lebanon. His testimony was as follows. Between 1990 and 2001, while living in Christian areas of Lebanon and working as a painter for the Christian militia there, Nabil-Sobhi was detained three times by the Syrian authorities and interrogated and severely beaten on each occasion. During the same period, his brother in Egypt was arrested by the authorities there and forced to convert to Islam. Nabil-Sobhi helped his brother and father—and, later, other brothers also—to escape to Lebanon, where his brothers joined the Christian militia. In 1995, Nabil-Sobhi traveled to Egypt to visit his mother. He was detained by Egyptian state security for two months, accused of converting Muslims to Christianity, beaten, and tortured. Upon release, he returned to Lebanon after being warned never again to enter Egypt.

1. The IJ gave several reasons for disbelieving this testimony. First, he concluded that Nabil-Sobhi was familiar with U.S. immigration law and therefore

would not have entered the U.S. from Mexico without inspection if he truly intended to seek asylum. This ground fails because no substantial evidence supports the conclusion that Nabil-Sobhi was familiar with U.S. immigration law before he entered the United States.

2. Next, the IJ based his adverse credibility determination on the ground that Nabil-Sobhi made an untrue statement upon his detention by DHS that he had two children. This does not go the heart of Nabil-Sobhi's claim. *See Kaur v. Ashcroft,* 379 F.3d 876, 884 (9th Cir. 2004).

3. The IJ also cited the fact that, when asked during the initial interview for the names of his family members, Nabil-Sobhi became overcome by emotion and did not give them. This does not go to the heart of Nabil-Sobhi's claim.

4. The IJ also relied upon a perceived conflict between Nabil-Sobhi's testimony that his father died of a heart attack and a document submitted by the government, which indicated diabetes and stroke. This does not go to the heart of Nabil-Sobhi's claim.

5. The IJ also disbelieved Nabil-Sobhi's accounts of persecution on the ground that if the Egyptian and Syrian authorities had truly targeted him, they would have done worse than detain, torture, and release him. This was speculation

that cannot support an adverse credibility determination. *See Kumar v. Gonzales*, 444 F.3d 1043, 1049-51 (9th Cir. 2006).

6. The IJ also suspected that Nabil-Sobhi fought in the Christian militia. This finding is not supported by substantial evidence in the record. Nabil-Sobhi consistently testified he worked only in a non-combat capacity, and the IJ's other grounds for suspicion were mere speculation.

7. Finally, the IJ interpreted Nabil-Sobhi's demeanor as evasive and declined to credit his testimony on that basis. Although we give special deference to a credibility determination based on demeanor, *Paredes-Urrestarazu v. INS,* 36 F.3d 801, 818-19 (9th Cir. 1994), the transcript does not support the conclusion that Nabil-Sobhi was evasive, as opposed to disorganized, volatile, and upset.

Because the IJ's adverse credibility finding was not grounded in cogent reasons supported by substantial evidence and going to the heart of the asylum claim, we reverse the determination that Nabil-Sobhi is ineligible for asylum.

The petition for review is GRANTED.